UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEI CHEN,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, *et al.*,<br>Respondents. | Case No. 1:26-cv-04485-KES-CDB (HC)<br>(A Number: A-209-029-979)<br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND ORDER PETITIONER'S IMMEDIATE RELEASE<br>(Doc. 2)<br>**7-Day Objection Period** |

**Background**

Petitioner Mei Chen ("Petitioner"), a federal immigration detainee, initiated this action on June 10, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241, while in custody of Immigration and Customs Enforcement ("ICE") at the California City Immigration Processing Center in California City, California. (Doc. 2).

Because the petition appears to raise factual and legal issues that this Court has resolved in other cases finding that 8 U.S.C. § 1226(a) provides the proper framework for detention by immigration authorities of noncitizens previously encountered and released and already residing in the United States when re-detained, the Court ordered Respondents to show cause in writing as to whether there are any factual or legal issues in this case that render it distinct from the Court's prior order in *Hernandez v. Warden of the Mesa Verde Annex Det. Facility,* No. 1:25-cv-01676-KES-

CDB (HC), 2026 WL 472656 (E.D. Cal. Feb. 19, 2026), *F&R adopted on* (Feb. 21, 2026), that would justify denial of the writ. (Doc. 5). Respondents were ordered to provide the Court in their response with copies of referenced/relevant portions of Petitioner's A-File and other supporting documents, including notices to appear, orders relating to Petitioner's release from custody, and documents related to any asserted violations of release conditions or any asserted change of circumstances warranting Petitioner's re-detention. *Id.*

On June 22, 2026, Respondents filed a response to the petition for a separate, unrelated matter. (Doc. 6). The next day, Petitioner filed a reply brief raising the issue of Respondents' seemingly erroneous filing and requested immediate release. (Doc. 7). Respondents failed to make any corrective filing. Thereafter, on September 9, 2026, Petitioner filed a request for ruling on the petition, contending that the petition is unopposed given Respondents' erroneous filing and failure to file a response to the allegations of the instant petition. (Doc. 8).

In his petition, Petitioner alleges that he is a native and citizen of China who has resided continuously in the United States for over 11 years (since 2015) with a pending application for asylum. (Doc. 2 ¶¶ 1-2). Petitioner alleges that since he entered the United States, he has obtained employment authorization by U.S. Citizenship and Immigration Services and established his livelihood in New York before he was taken into immigration custody "on or about December 6, 2026" [presumably, 2025], following the resolution of a single minor traffic misdemeanor for which adjudication was withheld and the fine paid in full. *Id.* ¶¶ 2, 22. Petitioner alleges he has no order of removal, no aggravated felony, no crime involving moral turpitude, and no conviction that triggers mandatory detention under any applicable statute. *Id.* ¶ 2. Petitioner asserts his detention is governed by 8 U.S.C. § 1226(a) which makes Petitioner eligible for release on bond. *Id.* ¶ 3. Petitioner alleges he has not received any individualized bond hearing since he was first detained. *Id.* ¶ 24.

The undersigned takes judicial notice that Petitioner has pending removal proceedings with an upcoming individual hearing before an immigration judge scheduled for September 11, 2026.[1]

---

[1] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Sept. 10, 2026, using Petitioner's A-Number and nationality); *Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It

**Discussion**

Here, Respondents failed to comply with the Court's show cause order to file a response and distinguish this case from the circumstances addressed by the Court in *Hernandez* or otherwise argue why the writ should not issue. Notwithstanding Petitioner's notice in her reply brief (filed more than two months ago), Respondents have not corrected their erroneous filing intended for a separate, unrelated matter. In effect, Petitioner's claims and request for immediate release or alternatively for a bond hearing have remained unopposed since the petition was filed three months ago (in June 2026), and Petitioner has remained in continuous immigration custody without any showing by Respondents to justify continued detention. Petitioner's arrest by immigration authorities on December 6, 2026, and Petitioner's continuous detention for over nine months without a bond hearing presents serious procedural due process concerns. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

Notwithstanding that Respondents are represented by counsel and have access to the facts and documents necessary to inform a decision on the merits, they have failed to comply with the Court's order to present that information and argument (if any) in opposition to Petitioner's claims – whether through error, neglect, or otherwise. The Court construes this as a non-opposition to the relief sought. *See* E.D. Cal. Local Rule 230(c); *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [Petitioner has] raised."). Accordingly, the undersigned need not decide whether it agrees with the merits of Petitioner's claims in all respects, and finds that Petitioner's claim that his detention is without lawful authority is unrefuted. *See Andrea Lancini v. Fereti Semaia, et al.*, No. 5:26-cv-04063-BFM, 2026 WL 2203101, at *2 (C.D. Cal. July 29, 2026) (granting petition and immediate release because respondents "have not met their burden 'to show cause why the writ should not be granted,' 28 U.S.C. § 2243") (citing cases, *e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433,

---

is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed [ ] therein."); *Argueta v. Walgreens Co*., 760 F. Supp. 3d 1028, 1034 (E.D. Cal. 2024) (taking judicial notice of information on federal government agency's website).

at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where respondent did not oppose granting a bond hearing but did not address petitioner's remaining claims); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. Nov. 25, 2025) (same); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. Dec. 15, 2025) (same); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.")); *accord*, *Maltez Reyes v. Janecka*, No. 5:26-cv-04300-BFM, 2026 WL 2291234, at *2 (C.D. Cal. Aug. 7, 2026) (same).

Therefore, because Respondents have made no argument or showing the Petitioner's detention is lawful under any authority, the undersigned will recommend Petitioner's petition for writ of habeas corpus be granted and that Petitioner be immediately released.[2]

**Conclusion and Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 2) be GRANTED.
2. Respondents be ORDERED to IMMEDIATELY RELEASE Petitioner and be ENJOINED and RESTRAINED from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified.
3. The Clerk of the Court be DIRECTED to enter judgment in favor of Petitioner and close this case.

[2] The undersigned regrets the delay in issuing these findings and recommendations. As has been well publicized in the media, the filing of immigration related habeas corpus petitions has skyrocketed in the Eastern District of California over the past 12 months, resulting in more than 5,500 petitions filed, the majority of which are accompanied by applications for emergency relief. These filings have significantly impacted the ability of the judges in the District to give effect to the command of Rule 1, Federal Rules of Civil Procedure, to secure the "speedy" determination of every action and proceeding.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within seven (7) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Although this objection period is shorter than provided by Local Rule, such an adjustment is warranted given the nature of Petitioner's harm, the finding of a violation of the U.S. Constitution by Respondents, and the fact that the parties have extensively briefed the issues involved. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) ("The court may require a response within a shorter period if exigencies of the calendar require."). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **September 10, 2026**

UNITED STATES MAGISTRATE JUDGE