UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MEI CHEN
(A-Number: 209-029-979),

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-04485-KES-CDB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND REQUIRING IMMEDIATE RELEASE

Docs. 2, 9

Petitioner Mei Chen is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 10, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition and ordering petitioner's immediate release. Doc. 9. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven days after service. Respondents filed objections. Doc. 11 at 1.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including respondents' objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis. Respondents argue that 8 U.S.C. § 1226(a) places the burden on the petitioner, rather than the government, to prove that petitioner is a flight risk or danger. Doc. 11 at 1. But when the government has previously determined that a noncitizen did not pose a flight risk or danger, this court and many other courts have found that due process requires the government to bear the burden of

establishing that changed circumstances warrant the noncitizen's detention. *See e.g., Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *see also Medvezhov v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-05918-KES-SAB (HC), 2026 WL 2234501, at *2 (E.D. Cal. Aug. 3, 2026) ("the government's decision *not* to detain petitioner, and instead to grant him work authorization while his asylum claim proceeded, provided him a protected liberty interest" and due process required a bond hearing at which the government bore the burden of proving that he is a flight risk or danger to the community by clear and convincing evidence) (collecting cases).

The Court ORDERS:

1. The findings and recommendations, Doc. 9, are ADOPTED in full.
2. The petition for writ of habeas corpus, Doc. 2, is GRANTED.
3. Respondents are ORDERED to release petitioner Mei Chen (A-Number: 209-029-979) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]
4. The Clerk of Court is DIRECTED to terminate any motions, close this case, and enter judgment for petitioner.
5. The Clerk is directed to serve the California City Immigration Processing Center with a copy of this Order.

IT IS SO ORDERED.

Dated: September 17, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.